## STONE *v.* MANNING.

### (*Jackson.* June 2, 1899.)

1. RESULTING TRUST. *Exists, when.*

    A resulting trust arises in favor of the wife's heirs where she devised her land to her husband, upon his promise that, if he survived her, he would devise same to her heirs, and he survived and failed to perform his promise. (*Post, pp. 233–235.*)

2. SAME. *Proof that will sustain.*

    To sustain a resulting trust, upon parol evidence, in the teeth of the terms of a written instrument, it is not essential that the evidence be of a character to remove all reasonable doubt, but only that it be so clear, cogent, and convincing as to overcome the opposing evidence, coupled with the presumption that obtains in favor of the written instrument. (*Post, pp. 234, 235.*)

    Cases cited: M'Cammon *v.* Pettitt, 3 Sneed, 246; McBee *v.* Bowman, 89 Tenn., 132; Sanford *v.* Weeden, 2 Heis., 76.

3. SUPREME COURT. *Will not reverse, when.*

    This Court will not reverse for the admission or exclusion of evidence where the record fails to show, in any way, the action of the lower Court in regard to the matter. (*Post, p. 236.*)

    Cases cited: Anderson *v.* Railroad, 91 Tenn., 44; Kelly *v.* Fletcher, 94 Tenn., 14.

---

### FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. F. H. HEISKELL, Sp. Ch.

Stone *v.* Manning.

T. J. BRADEN, and MALONE & MALONE for Stone.

H. W. LAUGHLIN and J. M. GREGORY for Manning.

McALISTER, J. This bill was filed to set up a parol trust in land. The land in controversy was owned by John F. Hudspeth during his life and he had acquired it by will from his wife, Lizzie M. Hudspeth. Hudspeth and wife lived for many years in Shelby County, and had accumulated, by their joint efforts, a considerable estate. It appears they invested their earnings in small farms from 35 to 50 acres in size.

The title to several of these farms was taken in his name, two in her name, and several in their joint names. It appears that the family residence was erected on one of her tracts. Having no children, each desired that the survivor should have the property of the other. Accordingly, on February 13, 1897, John F. Hudspeth executed his will, by which he bequeathed and devised to his wife his entire estate, appointing her executrix without bond. On March 12, 1897, one month thereafter, Mrs. Hudspeth executed a will devising her property to her husband and appointing him executor without bond.

Mrs. Hudspeth died on the 20th of October, 1898, and thereafter, on the 4th of January,

1899, John F. Hudspeth, the surviving husband, also died. Complainants, who are the brother and sisters and mother of Mrs. Hudspeth, filed this bill on the 17th of January, 1899, against Mrs. Mary Manning and Robert Williams, sister and nephew of John F. Hudspeth, and his heirs at law, alleging a parol trust by which John F. Hudspeth agreed, as an inducement for Mrs. Hudspeth to execute a will in his favor, that in the event Mrs. Hudspeth died before her husband the property which her husband had acquired under her will should be devised by him to her heirs.

Proof was taken and, on the final hearing, the Hon. F. H. Heiskell, sitting as Special Chancellor, pronounced a decree in favor of complainants for the real estate in controversy under the parol trust alleged.

The second assignment of error is that the decree cannot be sustained because the evidence does not show such a contract or agreement, clearly, convincingly, and irrefragably leaving no doubt as to the real character of the transaction.

In the case of McCammon v. Pettitt, 3 Sneed, 246, it was held that a trust may be raised on a written will, absolute and unconditional on its face, but in order to do this the proof must be clear, convincing and irrefragable. The rule thus laid down has been well expounded by Chancellor Gibson thus: "When, therefore, we read in the books that in various cases, such as suits

to reform writings, to set up a resulting trust, to have a deed declared a mortgage, and the like, a mere preponderance of the evidence will not suffice, nothing more is meant than that a mere preponderance of evidence on the side of complainant will not overcome the defendant's evidence, reinforced, as the latter is, by a presumption in favor of the writing assailed. If, however, the complainant's evidence outweighs both the presumption and the other evidence in favor of the defendant, then the complainant has made out his case, even though the preponderance in his favor be very slight, and this is true whatever the character of the suit and howsoever strong the presumption to be overcome." Gibson's Suits in Chancery, Sec. 446, p. 404; *McBee* v. *Bowman,* 89 Tenn., 132-141.

So that the position of defendants' counsel that the evidence produced by complainant must convince the Court beyond a reasonable doubt is not correct.

In *Sanford* v. *Weeden,* 2 Heis., 76, Chief Justice Nicholson said: "Different Judges have employed different language in declaring the character and the weight of the proof which is necessary and sufficient to set up a resulting trust. The result of all the attempts to define the rule as to the amount of parol proof necessary in such cases is, that the conscience of the Court should be fully satisfied that the facts relied on

to raise the trust are true and sufficient to create the trust."

The third, fourth, and fifth assignments of error · are based upon the Chancellor's rulings on questions of evidence. We find, however, from an examination of the record, that the action of the Chancellor on these exceptions is not shown, hence there is nothing for this Court to review. There was no bill of exceptions taken at the time, nor is the action of the Court recited in the decree or in any interlocutory order. *Anderson* v. *Railroad Co.,* 91 Tenn., 44; *Kelly* v. *Fletcher,* 94 Tenn., 1-4; Gibson's Suits in Chancery, Sec. 1045, p. 991.

The preponderance of the evidence is that John F. Hudspeth procured his wife to make a will in his favor, promising that if he outlived her he would devise her property to her heirs and not to his heirs at law.

The decree is affirmed.