# METROPOLITAN LIFE INS. CO. v. ELLEN WILLIAMS BORSJE.

Western Section. June 20, 1925.

Certiorari denied by Supreme Court January 30, 1926.

1. **Insurance. Evidence. Where policy is valid on its face the burden is on the defendant to produce evidence that will avoid the policy.**
   In an action on an insurance policy where the plaintiff introduced a policy valid on its face and the defendant defended on the ground that it was obtained by fraudulent concealment, held that the burden was on the defendant to prove his contention and because the proof leads incidentally into the question as to what took place between the soliciting agent of the company and the insured it does not cause the burden of proof to shift.

2. **Evidence. Burden of proof is upon the party seeking to impeach an instrument.**
   In an action seeking to impeach a writing the burden of proof is always upon the party seeking to impeach it.

3. **Appeal and error. Error cured by filing further pleas.**
   Where the trial court struck out certain pleas of the defendant and then permitted defendant to file a further plea which was done, and raised the only material question of fact in the case and the only question that could have been tried under the pleas stricken out, held that any error committed by the court in striking out the pleas was cured.

4. **Insurance. Insurance company is bound by notice to an agent which has authority to deliver policy and collect the premium.**
   In an action to recover on an insurance policy where the defense was that the condition of the insured's health had changed between the time of the application for the policy and the delivery of the policy and there was no notification, held notice to an agent which had authority to deliver the policy and collect the premium thereon was sufficient notice to the company.

5. **Insurance. One engaged in the business of insurance, held to solicit insurance.**
   In an action on an insurance policy where the agent writing the policy did not got out and solicit the policy but merely maintained an office, held that the agent came within the Act of 1907 making a soliciting agent stand for the corporation and making his acts the acts of the compunny.

Appeal in Error from Circuit Court, Shelby County; Hon. A. B. Pittman, Judge.

Affirmed.

Sivley, Evans & McCadden, of Memphis, for plaintiff in error.

Barton & Barton and W. H. Borsje, of Memphis, for defendant in error.

HEISKELL, J.. This suit was instituted in the circuit court of Shelby county, Tennessee, to recover five thousand dollars, being the proceeds of a life insurance policy for said amount, and also to recover the statutory penalty of twenty-five per cent. To the dec-

laration the defendant (we will designate the parties according to their status in the court below) interposed certain pleas.

A trial was had of the cause and this trial resulted in a hung jury and mistrial.

Thereafter another trial of the cause was had, and this time the jury returned a verdict in favor of the plaintiff against the defendant for the proceeds of the policy, together with interest thereon, but declined to allow the statutory penalty of twenty-five per cent. The defendant in due season filed its motion for a new trial, which motion was overruled by the court, and the defendant has prosecuted to this court an appeal in the nature of a writ of error.

The deceased, Joe Williams, applied to the defendant company for a policy of $5,000. The applicant made out and signed the usual application, which application, after the applicant had been examined by the company's physician, was in due course forwarded to the Home Office of the defendant in New York. The application is dated October 9, 1923, and the policy issued by the Home Office in New York is dated October 22, 1923. When the policy was issued it was sent to the soliciting agent for delivery.

The soliciting agent made several attempts to effect a delivery of the policy and obtain from the applicant the first premium thereof, but the applicant delayed accepting the policy. Finally, on November 10, 1923, the applicant's wife, the plaintiff herein, telephoned to the soliciting agent to bring the policy to their home and the applicant would then accept it and pay the premium thereon. It is admitted by all that at that time the applicant had pneumonia. This telephone conversation occurred some time during the morning of November 10, 1923. During the afternoon of that date the soliciting agent took the policy to the residence of the applicant and there delivered the same to the plaintiff herein, then the wife of the applicant. At the same time the agent received the first premium, countersigned the receipt for same on the back of the policy and dated same November 7, 1923.

It is an admitted fact that at the time the policy was delivered the applicant was then ill with pneumonia, and it is further admitted that during that night or early the next morning the applicant died with pneumonia.

The one disputed fact in the lawsuit is what took place at the time of delivery of the policy, and what information, if any, was imparted to the soliciting agent by the plaintiff herein as to the condition of the applicant's health. That was the sole question submitted to the jury by the trial judge.

On this question two witnesses testified. Plaintiff testified that when the soliciting agent delivered the policy she advised him that

the applicant was then sick with pneumonia, whereas the soliciting agent denies that he received such information.

There was a verdict in favor of plaintiff for $5,000, and interest, from which defendant has appealed and assigned errors.

The fifth assignment of error is to the effect that the court erred in charging the jury that the burden of proof is upon the defendant as to the issue submitted. If there was no error in this instruction of the trial judge, then the defendant is bound by the finding of the jury and it is an established fact in the record that at the time of the actual delivery of the policy by the soliciting agent Glover and the payment of the premium the plaintiff informed the agent that the insured was ill with pneumonia. We will therefore examine this question of the burden of proof first.

The plaintiff sued on a policy valid on its face. There was no question as to the death of the insured. This made out a prima-facie case of liability. The only question raised by the defendant in its last plea upon which the case went to the jury was, that the plaintiff procured the delivery of the policy through fraud in that he withheld information from the defendant as to his serious condition of health. Plaintiff was required to and did join issue on this plea. The contention of defendant is that plaintiff relied on a waiver by the defendant through the action of its soliciting agent, and that the burden is on the plaintiff to prove this waiver. There are no doubt cases where it is necessary to plead waiver and prove it, and where the burden of proof is on the party so pleading, but the case does not fall in that class, the plaintiff does not plead waiver. It was not necessary, so far as the question of waiver figures in the case. It arises out of the proof. The plaintiff presents a policy valid on its face and the defendants plea is that the plaintiff has no policy because the insured obtained it by fraudulent concealment. The burden is upon the defendant to prove its contention. If this proof leads incidentally into the question whether or not what took place between the soliciting agent of the Company and the insured, amounts to a waiver, this does not cause the burden of proof to shift, but it remains upon the defendant to sustain its contention that the policy is invalid by reason of the conduct of the insured.

The burden is upon the party seeking to impeach a writing. Bennett v. Mass. Mutual Life Ins. Co., 107 Tenn., 375; Citing Chapman v. McAdams, 1 Lea, 500; Gage v. Railway Co., 88 Tenn., 726; McBee v. Bowman, 89 Tenn., 133; Stone v. Manning, 103 Tenn., 232.

The possession of an insurance policy in the hands of the beneficiary is prima-facie valid and the burden of proof is upon the Insurance Company asserting its invalidity. 5 Joyce on Insurance (2 Ed.), sec. 6146; Jones on Evidence (3 Ed.), sec. 179.

There was no error in the charge of the court in this regard. The fifth assignment of error is overruled and it follows that ,by reason of the verdict of the jury it is an established fact in the record for the purposes of the present hearing, that the soliciting agent was informed at the time of the delivery of the policy, and the payment of the premium, that the insured had pneumonia.

The first assignment of error is that there is no evidence to support the verdict. Manifestly there is such evidence and this assignment is overruled.

The second and third assignments raise the question that it was error in the trial court to strike out certain pleas of the defendant. Whether or not this was error is not now material for the reason that defendant was given leave to file a further plea, which was done, and this plea raised the only material question of fact in the case and the only question that could have been tried under the pleas stricken out, and the court required plaintiff to join issue on this last plea and the case was tried thereon.

The fourth assignment is that the court erred in not giving peremptory instruction in favor of the defendant. This involves the question whether upon the facts established in this case the plaintiff is entitled to recover. This will be considered in connection with other assignments.

The fifth assignment has been considered.

The sixth assignment is, the court erred in charging the jury as follows:

"The question is, did she consciously and knowingly mislead him as to the condition of her husband's health at that time for the purpose of having this policy delivered? And if she did, and he acted upon that, in good faith, and delivered the policy when Mr. Williams was very ill, this company is not liable."

If there was any error in this charge it was harmless. In the brief filed for defendant, we find this at page 3: "The one disputed fact in the lawsuit is, what took place at the time of the delivery of the policy and what information, if any, was imparted to the soliciting agent by the plaintiff herein, as to the condition of the applicant's health. This was the sole question submitted to the jury by the trial judge."

"On the question two witnesses testified. Plaintiff testified that when the soliciting agent delivered the policy she advised him that the applicant was then sick with pneumonia, whereas the soliciting agent denies that he received such information. The soliciting agent claims that the plaintiff merely told him that the deceased had a cold. However, the jury found in favor of the plaintiff and thereby found as a fact that the soliciting agent was advised at the

time the policy was delivered that the applicant had pneumonia, and this finding is binding on us on this appeal.''

The charge of the court follows the language of the defendant's plea, and no objection was made at the time, and no further or different instruction asked. However, passing these considerations, the charge, if wrong, could not have mislead the jury. The question was what took place between plaintiff and the agent when the policy was delivered. She admits she knew her husband had pneumonia and says she told the agent. If she concealed her husband's condition from the agent the concealment must necessarily have been knowing and conscious, because she knew the nature of his illness. It is not a case therefore in which the use of the words assigned as error could have made any difference in the finding of the jury. If she told the agent what she says she did, there was no concealment of any kind. If she said only what the agent testifies to, then her concealment was necessarily knowing and conscious.

Taking the law, then, as settled that the insured was bound to inform the defendant of any change in health between the application for and the delivery of the policy, and the fact as settled that the plaintiff at the time of the delivery of the policy informed the soliciting agent of the defendant of the then condition of the health of the insured, it is still contended for the defendant that plaintiff should not be allowed to recover, because the soliciting agent of the Company had no authority to waive a breach on the part of the insured and therefore that knowledge brought home to the soliciting agent is not brought home to the defendant company, but amounts to nothing.

Proof is taken by the defendant Company to show that according to the custom of the insurance business in a case like this the agent was without authority to deliver the policy, and authority is presented to support the contention that the Company is not bound under these circumstances, by the act of its soliciting agent. Authorities are also cited for plaintiff to sustain the contention that action of the agent in a case like this is the action of the Company and makes the policy binding notwithstanding the stipulations in the application or policy.

There are many cases holding that the agent did not have authority to make any waiver which would bind the Company. Some of these authorities depend on the facts of the particular case and some on the law of the particular jurisdiction. On the other hand where the policy, as here, provides that it shall not take effect until delivered and the first premium paid, in the lifetime of the insured, and the agent has authority to deliver the policy and collect the premium, and does so, then the Company is bound by any notice to and action of the agent. Those authorities support the recovery

of the plaintiff notwithstanding the conditions and instructions intended to limit the authority of the agent. McClellan v. Mutual Life Ins. Co., 217 N. Y., 336; National Life Ins. Co. v. Grady (N. C.), 117 N. E., 289; New York Life Ins. Co. v. Rutherford, 284 Fed., 707.

In the last case cited above the headnote is as follows:

"1.   Where contract of life insurance provided that it should not take effect until the first premium was paid and the policy delivered to and received by the insured during his lifetime, and the premium was paid, receipt of policy by the agent for unconditional delivery is equivalent to delivery to the applicant.

"2.   A contract of insurance may not be qualified or limited by private instructions from the insurer to its agent."

"The court calls attention, in this case, to the distinction between a policy containing the provision that the policy is not to take effect unless delivered and received during the lifetime and good health of the insured, and one omitting the words 'good health.' "

Without discussing further the authorities from other states, the case of Maryland Casualty Co. v. McTyier, 150 Tenn., 691, seems conclusive of the present case as to the action of the soliciting agent binding the Company. In that case, notice of change of ownership was given to the soliciting agents of the insured, but it was contended that this did not bind the Company. The court refers to the Act of 1907, chapter 442, which is as follows: "That any person who shall solicit an application for insurance shall in all matters relating to such application and the policy issued in consequence thereof be regarded as an agent of the company issuing the policy, and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever; provided this act shall not apply to licensed fire insurance brokers."

The opinion then proceeds:

"It is argued for the company that this act does not apply, first, because Hunter & Co. did not solicit the application in this case; and, second, because if they did their agency terminated with the delivery of the policy, and could in no event empower them to assent to the change. Definitions are given of the term 'solicit' appearing in the act, but when considered in its context we are of opinion that this term includes broadly any person who holds himself out as an insurance agent and thus invites and receives insurance business, collecting and transmitting premiums and delivering policies and receipts. By engaging in the business one solicits applications for insurance in the sense of this statute, and we think it clear that Hunter & Co., come within this statute. Second, some holdings of other states are quoted from, but the statutes construed are in no case identical with the Tennessee act, the language of which is so

clear that there remains little room for construction. It will be observed that it is expressly provided that '*any* person who shall solicit an application for insurance *shall in all* matters relating to such application *and the policy issued in consequence thereof* be regarded as an agent of the company,' etc.; and having stated the proposition affirmatively, the act goes on to provide negatively that such person *shall not be the agent of the insured.* It is impossible to escape the effect of the words which we have italicized above. It was manifestly not the intention of the legislature to restrict the agency representation of the company to matters relating to the application only, but to extend it to all matters relating to the policy issued. It is apparent that the legislature purposed affording to the insured a responsible connection with the insuring company, with which he was dealing, oftentimes a nonresident corporate entity of uncertain address, with its identity, for purposes of legal notice, more or less obscure.

"The act contemplates that one who is recognized by an insurer as suitable and competent to handle its funds and deliver its policies is also suitable to represent it in respect to other matters arising in connection therewith. Independently of this legislation, the limited agency doctrine has been generally recognized, by which the authority of the agent receiving the application and delivering the policy is restricted to matters in connection with the issuance of the policy and the application thereof.

"The Tennessee cases cited by counsel (Duluth Nat. Bk. v. Knoxville Ins. Co., 85 Tenn., 76, 1 S. W., 689, 4 Am. St. Rep., 744; and Martin v. Ins. Co., 106 Tenn., 525, 61 S. W., 1024) arose prior to the passage of the Act of 1907, and, moreover, are fire insurance cases, expressly excepted from the provisions of the act. These cases are therefore not controlling.

"The Wisconsin and Ohio statutes are similar to ours, although not so express on the point under consideration, and they have been construed in accordance with the views above expressed. Schomer v. Hekla Fire Ins. Co., 51 Wis., 575, 7 N. W., 544. We are cited to Central State Ins. Co. v. Lake Erie Prov. Co., 13 Ohio Cir. Ct. R., 661; and see Pollock v. German Fire Ins. Co., 127 Mich., 460, 86 N. W., 1017.

"We deem it unnecessary to review further the authorities presented touching this proposition. In view of our statute, it must be held that F. B. Hunter & Co. were the agents of the insurance company in all matters relating to this policy issued through them. It follows that notice to them of the change and their assent thereto was notice to and binding upon the insuring company."

It will be seen that the McTyier case holds that the soliciting agent is not only the agent of the Insurance Company, but the agent

"in all matters relating to the policy issued through them," even to waiving written notice to the Company and binding the Company by being notified when without notice the policy would have been void. This construction of the Act of 1907 makes the soliciting agent stand for the corporation and makes his act the act of the corporation.

Many authorities outside of this State might be shown to be in accord, but it is considered unnecessary. All the assignments of error are overruled.

At the end of defendant's brief it is said that the defendant Company is entitled to credit for the premium of $54.50 for which a check was given, but which was not collected. Plaintiff agrees that the check may be collected or that judgment may be credited with the amount. This may be done. The case is affirmed. Costs of appeal adjudged against the defendant and surety on appeal bond.

Owen and Senter, JJ., concur.