## J. C. CAPRUM v. BRANSFORD REALTY COMPANY, et al.

Middle Section.   February 5, 1927.

No petition for Certiorari was filed.

1. **Trusts. In Tennessee constructive or resulting trusts may be declared upon parol evidence.**

   It has long been held in Tennessee that constructive or resulting trusts may be declared on parol evidence, but such proof must be of the clearest and most convincing character. It must be so clear, cogent and convincing as to overcome the opposing evidence coupled with the presumption that obtains in favor of the written instrument.

2. **Trusts. A party buying property for another at a judicial sale under a verbal agreement acts as agent for the other and a trust will be declared.**

   Where one buys property for another at a judicial sale under a verbal agreement, he acts as agent for the other, and a trust will be declared, as a verbal agreement does not come within the Statute of Frauds requiring that it be in writing, and such trust may be enforced in equity.

3. **Trusts. Evidence. Evidence held insufficient to show a trust.**

   In an action by complainant to have a trust declared in certain real estate where the evidence showed that complainant bought the real estate at a judicial sale and not being able to raise the money assigned his bid to another and thereafter paid rent to assignee and the assignment showed that it was made without profit or benefit to the assignor, held that no trust was created.

4. **Frauds, Statute of. Parol evidence is inadmissible to show a trust contradictory to the express terms of a written instrument in the absence of fraud, mistake or undue influence.**

   Where the evidence showed that complainant had purchased the real estate on which he sought to create a trust at a judicial sale and assigned his bid to another, the assignment stating that the assignor received no benefit or valuable consideration for making the transfer, held that parol evidence

to establish a trust was inadmissible because it contradicted the written instrument.

5. Sales. Evidence held to show defendant a bona-fide purchaser.

Where defendant had bought real estate from a party having the record title to it and the complainant was living on the property supposedly as a tenant, and defendant had no notice that complainant was claiming a parol trust, held that defendant was an innocent purchaser.

Appeal from Chancery Court, Davidson County; Hon. Jordan Stokes, Sr., Special Chancellor.

Affirmed and remanded.

W. C. Davidson, of Nashville, for appellant, Caprum.

Harry E. Smith, of Nashville, for defendants, Realty Company et al.

CROWNOVER, J.  The bill in this cause was filed by complainant, a colored man, against the defendants Bransford Realty Company and Mrs. Lucy Crafton, to set up a parol trust and beneficial ownership in a house and lot in the City of Nashville, and to enjoin an unlawful detainer proceeding in the circuit court.

The defendants answered and denied all allegations concerning a parol trust, and denied all agreements out of which a parol trust could arise, and denied that complainant had any interest in said property.  They pleaded the Statute of Frauds, and defendant Realty Company pleaded that it was a bona-fide purchaser without notice.

A volume of proof was read to the Chancellor at the hearing, and he dismissed the bill.  Complainant appealed and has assigned errors.

The facts, as we find them, are that complainant, on June 30, 1921, bought in said property at a chancery sale at the price of $855 but was unable to comply with the terms of the sale.  He, through a real estate man, induced J. W. Crafton to become interested, and transferred his bid to Crafton, who paid the $855, in cash, to the court and took a deed from the Clerk and Master conveying a title in fee simple to himself and then verbally rented said property for $15 per month to complainant, who paid the rents each month up until Crafton's death on March 26, 1924.  Just before his death J. W. Crafton entered into a written agreement to convey said property to the Bransford Realty Company for $1000, and gave complainant notice to vacate, but died before the deed was executed.  He devised his property, including this house and lot, to his wife, defendant Mrs. Lucy Crafton, who carried out the written agreement and conveyed by deed the said house and lot to defendant Realty Company for $1000.

The complainant failed or refused to vacate, and an unlawful detainer proceeding was instituted by the Realty Company against

him before a Justice of the Peace, and a judgment was rendered against complainant, who appealed to the circuit court, and then filed this bill; but he was required to confess judgment in the unlawful detainer case before injunction in this case was granted.

Several errors are assigned, the main one being, that the Chancellor erred in holding that the allegations of the bill were not sustained by the proof and in dismissing the bill, it being insisted that when complainant found that he could not comply with the terms of the chancery sale, he transferred his bid to J. W. Crafton under a parol agreement that Crafton would pay the $855 and hold the property for complainant until complainant had repaid him said consideration, with interest, by installments at the rate of $15 per month, which installments had been regularly made each month until Crafton died on March 26, 1924.

It has long been held in Tennessee that constructive or resulting trusts may be declared on parol evidence, but such proof must be of the clearest and most convincing character. It must be so clear, cogent and convincing as to overcome the opposing evidence coupled with the presumption that obtains in favor of the written instrument. See Haynes v. Swann, 6 Heisk., 560; Stone v. Manning, 103 Tenn., 232; McCammon v. Pettitt, 3 Sneed, 242; Holder v. Nunnelly, 2 Cold., 288; 12 Michie's Tenn. Ency. Dig., 54-57.

The prevailing rule, upheld by many courts, is that a mere verbal agreement by which one of the parties promises to buy in lands at a judicial sale and to hold for the other's benefit, or with an oral agreement to sell to the other party at the same price, does not create a trust enforceable in equity as it comes within the Statute of Frauds. (26 R. C. L., 1244; and notes in 5 Ann. Cas., 173). The latter proposition has been upheld in Tennessee (Parker v. Bragg, 11 Humph., 212), but our courts go further and hold that where one buys in property for another at a judicial sale under a verbal agreement, he acts as agent for the other, and a trust will be declared, as a verbal agreement does not come within the Statute of Frauds requiring that it be in writing, and such trust may be enforced in equity. See Woodfin v. Marks, 104 Tenn., 512; Thompson v. Thompson, 54 S. W., 145; Heard v. Hilliard, 3 Hig., 462.

However, we do not think the proof sustains complainant's contention, as the preponderance of the evidence is to the contrary, and the facts are as we have hereinabove set out. It is true that complainant testified substantially to the facts as contended by him, and Crafton is dead and cannot testify; but complainant is not corroborated, and there are too many facts established to the contrary. When complainant transferred his bid to J. W. Crafton, he executed a written assignment in which he stated:

"In the above case, I hereby transfer and assign my bid to J. W. Crafton; and I make oath that I have not received, do not expect to receive, and have no promise to receive any bonus or valuable consideration for making this transfer."

This assignment was signed by complainant and he made oath to it before a notary. Upon this assignment J. W. Crafton was permitted to pay the purchase price and the sale was confirmed to him, and a deed was executed conveying the fee-simple title. Each time that complainant paid the $15, J. W. Crafton, or his wife, Mrs. Crafton, gave him a receipt, stating in its face that the payment was for that month's rent. Many receipts are filed and all of them show that the payments were made for rents. The property was assessed for taxes in the name of J. W. Crafton, and he paid the taxes and insurance, and also for the repairs made on the property. Mrs. Crafton testified that her husband told complainant in her presence that he was going to sell the property but wanted a cash payment of $150 or $200, and that complainant told him that he would be able to pay this much when he collected for a sale of his wife's property; and that later she was present when Crafton told complainant that he had sold the property to the Bransford Realty Company, and he notified complainant to vacate, to which complainant made no objection, and agreed to move off the premises, provided the Realty Company gave him ten days' notice, and at the time he asked Crafton whether he had another house that he would rent to the complainant.

The proof further shows that J. W. Crafton dealt in real estate to some extent, but was not a money lender. It does not seem reasonable that Crafton would have entered into a verbal contract to buy this property for $855 and then agree to sell to a stranger at the same price, with interest, on such long terms, and bind himself to pay the taxes and insurance and for repairs; hence we find that complainant induced Crafton to take the bid off of his hands and agreed to rent the property, and that the payments made were for rents, and not as part payment on the purchase price. This assignment must be overruled.

The 7th and 9th assignments of error are that the Chancellor erred in sustaining defendant's plea of the Statute of Frauds, and in sustaining defendant's exceptions to complainant's evidence as to the parol trust, as it is insisted that proof of a parol contract was not within the Statute of Frauds.

The defendants pleaded the 4th and 5th subsections of the Statute of Frauds, (Shannon's Code, sec. 3142), in that, this was a parol contract for the sale of land, and not to be performed within the space of one year from the making thereof, which pleas were sustained by the court. The defendants excepted to the parol

evidence concerning the agreement between complainant and Crafton, that Crafton should buy in the property for complainant and let complainant repay him in installments of $15 per month, which exception was sustained by the court.

After an examination of the record and the authorities, we are of the opinion that the Chancellor did not err in sustaining the defendant's plea of the Statute of Frauds. Parol evidence is inadmissible to show a trust in contradiction to the express terms of the written instrument, in the absence of fraud, mistake, or undue influence. Complainant's insistence, as above stated, is that he had purchased this property at the chancery sale and had induced J. W. Crafton to take the bid off of his hands under a parol agreement to hold the property for him, and that under this arrangement he assigned his bid to Crafton, but that assignment expressly states that complainant had not received, or expected to receive, and had no promise to receive any bonus, or valuable consideration for making the transfer. Now, we think that complainant's insistence about the parol trust is a contradiction of the express terms of that assignment, and comes within the rule that parol evidence is inadmissible to show a mandatory trust in contradiction of the expressed terms of a written instrument, (Mee v. Mee, 113 Tenn., 453), in the absence of fraud, accident, mistake, or undue influence. See notes in 35 A. L. R., 284-5.

A verbal agreement for the payment of money by monthly installments which, although it stipulates no definite time for its performance, will of necessity, according to the reasonable interpretation of its terms, require more than a year for its performance, is within the statute. See Thompson v. Ford, 145 Tenn., 335; 27 C. J., 180-185, sections 96, 100, 109 and 110. Hence these assignments of error must be overruled.

The 8th assignment of error is that the court erred in sustaining defendant Realty Company's plea of innocent purchaser. We think there is nothing in this assignment as Crafton had the legal title to the house and lot and was seized, or pretended to be seized in fee when he made the agreement to convey the property to the Realty Company. He devised the property to his wife and she executed the deed to the Realty Company and complainant was only a tenant, which fact was made known to the Realty Company. The Realty Company had no notice of complainant's alleged parol trust. He had been given notice to vacate and had agreed to do so, before Crafton died; hence we do not think his possession was adverse in any sense of the term, and was no notice of his claim to defendant Realty Company. However, the question of whether complainant had a right to retain possession as against the vendee (Realty Company) who has never been in possession, is not before

us. The question as to whether the vendee had a right to maintain the unlawful detainer proceeding is out of the way, as complainant had confessed judgment in the circuit court. The only question before us is, whether complainant has sufficiently established facts upon which he can set up a parol trust. We think that the proof establishes the fact that the defendant Bransford Realty Company was a bona-fide purchaser, and this assignment of error must therefore be overruled.

The first four assignments of error are that the chancellor erred in sustaining defendant's petition and in appointing a receiver, because the property was already in the hands of a receiver, because no notice was given to complainant, because the petition was not properly sworn to, and because no reason was given for the appointment of a receiver. These assignments should be overruled, because the complainant has no interest in the property, and cannot be interested in whether a receiver should be appointed. So far as the record shows the complainant raised no objection as to notice, or as to oath to the petition before the receiver was appointed, but as we view it, these questions are immaterial, and the assignments are overruled.

The 5th assignment of error is that the court erred in awarding a writ of possession to the receiver on account of the fact that the complainant had failed to pay the past due installments. The complainant had been cast in the suit and had failed to pay three months' rent. He had appealed on the paupers oath, and the record shows that he was a pauper, hence we think it was necessary to have a receiver appointed and in the event complainant failed to pay the rents, a writ of possession was properly awarded; hence we think there is nothing in this assignment of error, and it is overruled.

The 6th assignment of error is that the court erred in ordering the receiver to pay over the amount of rents collected by him to the Bransford Realty Company. The complainant had no interest in these rents and the property belonged to the Bransford Realty Company before the bill was filed; hence, that company was entitled to the rents and we think there is nothing in this contention.

It results that all the assignments of error are overruled and the decree of the Chancellor is in all things affirmed. The cause is remanded to the chancery court with direction that a writ of possession issue, if necessary, to place the defendant Bransford Realty Company into possession, and for such other orders by the Chancellor as may be necessary for the payment of the rents to said Bransford Realty Company. The costs of the cause, including the cost of appeal are adjudged against appellant, J. C. Caprum, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.