ALMA HIPPS AND N. D. WADE, Co-administrators, etc.

*v.*

LOUISE HIPPS MCKENZIE, OMA BOLEX AND MAE HIPPS

(*Knoxville,* September Term, 1956.)

Opinion filed December 7. 1956.

FRANK N. BRATTON, Athens, for appellants.

J. DUDLEY CULVAHOUSE, Decatur, for appellees.

KENNETH D. HIGGINS, Athens, Guardian *ad litem* for Minors.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit to wind up an insolvent estate. It appears that the personalty had been exhausted and part of the realty had been sold but there were some unsatisfied claims.

An amended and supplemental bill was filed seeking to sell other real estate amounting to 115 acres located on Highway 58 in Meigs County.

To a long list of defendants listed in the original bill have been added by the amended and supplemental bill, the names of Oma Bolex and Mae Hipps, who are residing on the land now sought to be subjected to the claims of creditors. In consideration of the sale of this 115 acres there appears in the record a paper writing as follows:

"This contract made and entered into by and between Minnie Hipps and W. M. Hipps of the first part and Alma Bolex and May Hipps of the second part:

"Witnesseth that the said Minnie Hipps, the widow, and W. M. Hipps, the only heirs of R. W. Hipps, deceased, have this day agreed to and do hereby agree to furnish the said Oma Bolex and May Hipps a home and support from the land coming to the said parties of the first part from the said W. R. Hipps, deceased, so long as the said May Hipps shall remain single. The said land coming to the said Minnie Hipps as the

widow and W. M. Hipps as the only heirs is located on the east side of State Highway No. 58, in the third Civil District of Meigs, County, Tennessee. It is also agreed and made a part of this contract, and the said Minnie Hipps and W. M. Hipps may sell and transfer the said land at any time they may see proper to do so, and in that event a home and support will be furnished the said Oma Bolex and May Hipps on and from other lands and property owned by the said parties of the first part, on the same terms and conditions as above set out. This contract is made on and for the consideration of the love and respect of the parties of the first part has for the said parties of the second part, and is made only to secure a home and support for the said parties.

"This April 28, 1947."

This instrument is signed by all of the parties and was duly recorded in the Register's Office at Decatur.

W. M. Hipps, the original owner, died intestate April 16, 1955, and Minnie Hipps has died since the filing of the original bill.

The parties in interest have appeared before the Chancery Court below seeking a construction of the paper writing above set out.

The lower court held that there was no legal or equitable lien on the land in favor of Oma Bolex and Mae Hipps.

We are of the opinion that the provision that the promisors agree to furnish the said Oma Bolex and Mae Hipps a home and support from the land with the further provision that the promisors could sell the land at any time does not create an equitable lien on the land.

In *Milam v. Milam,* 138 Tenn. 686, 200 S.W. 826, it was held to create an equitable lien there must be an intent to make the particular property, real or personal, a security for the obligation.

In *Savage v. Savage,* 4 Tenn.App. 277, the Court among other things said:

"In order to create an equitable lien there must be an intent to make the particular property a security for the obligation. * * * But in this case we think there was no intent to make this particular property a security for the money advanced by Andrew Savage. * * * Hence, we think the Chancellor was in error in decreeing that complainant Andrew Savage was entitled to an equitable lien, etc."

We are of the opinion that the above quoted contract was a personal covenant of Minnie and W. M. Hipps for the breach of which an action in damage was the only remedy. It results that the decree of the Chancellor must be affirmed.