# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 28, 2015 Session

## IN RE ESTATE OF DONALD EMERSON KYSOR

**Appeal from the Circuit Court for Sevier County**
**No. 13-CV-0661-IV      O. Duane Slone, Judge**

_____

**No. E2014-02143-COA-R3-CV – Filed December 28, 2015**

_____

This case involves a will contest and alleged resulting trust. The plaintiff and her husband purchased two adjoining parcels of improved real property located in Strawberry Plains, Tennessee, in 1992. The plaintiff's husband died on February 23, 2004. On March 1, 2004, the plaintiff executed a quitclaim deed, conveying title to the property to her husband's uncle, ultimately the decedent in the instant action. On March 3, 2004, the decedent executed a last will and testament, bequeathing all of his property to the plaintiff. In April 2006, however, the decedent executed a subsequent last will and testament, making no mention of the plaintiff and bequeathing all of his property to a friend, whom he also named as executor of his estate. The decedent died in July 2012, and his 2006 will was admitted to probate. The plaintiff subsequently filed a will contest, alleging that a resulting trust was created shortly before her husband's death upon an agreement entered into between her husband and the decedent. According to the plaintiff, her husband sought to protect their real property from potential creditors by conveying title to the decedent with the understanding that the decedent would in turn bequeath the property to the plaintiff. The decedent's estate filed a motion for summary judgment. Following a hearing, the trial court granted summary judgment in favor of the estate. The plaintiff appeals. Discerning no reversible error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Benjamin T. Norris, Knoxville, Tennessee, for the appellant, Rita Kysor.

James R. Hickman, Jr., Sevierville, Tennessee, for the appellees, The Estate of Donald Emerson Kysor and Roy Ladouceur, Executor.

# OPINION

## I. Factual and Procedural Background

The plaintiff, Rita Kysor, and her deceased husband, Wayne Kysor, owned, as tenants by the entirety, improved real property located at 4970 Shady Road in Strawberry Plains, Tennessee ("the Property"). They purchased the Property in 1992 for the amount of $53,000. Wayne Kysor's uncle, Donald Emerson Kysor, moved into a mobile home located on the Property in the late 1990s. Wayne Kysor was diagnosed with cancer in 2002. Donald Kysor thereafter assisted Ms. Kysor with her husband's care until her husband died on February 23, 2004.

On March 1, 2004, Donald Kysor (referred to hereinafter as "the Decedent") executed a will ("2004 Will") in which he bequeathed his entire estate to Ms. Kysor. Two days later, Ms. Kysor executed a quitclaim deed, transferring title to the Property to the Decedent. Following this transfer, Ms. Kysor continued to reside in the home on the Property while the Decedent maintained his residence in the mobile home. At the time of the transfer, the Decedent assumed payment of the approximately $15,000 mortgage debt remaining on the Property, although Ms. Kysor continued to pay the associated taxes. Over the next two years, Ms. Kysor and the Decedent engaged in various financial transactions with each other, although none of these were directly related to the Property. By early 2006, however, the relationship between Ms. Kysor and the Decedent had deteriorated.

On April 11, 2006, Ms. Kysor filed in the Sevier County Chancery Court a petition requesting that the Decedent be declared incompetent and she be appointed his conservator. The Decedent filed a motion to quash the petition. Ms. Kysor subsequently filed a motion for voluntary dismissal, which the Chancery Court granted on May 11, 2006. Meanwhile, Ms. Kysor filed in the Sevier County Circuit Court a petition for an order of protection against the Decedent on May 1, 2006. Following a hearing conducted on May 1, 2006, the Circuit Court granted Ms. Kysor's petition for an order of protection and ordered the Decedent to have no contact with her.

The Decedent subsequently executed a new will on May 8, 2006 ("2006 Will"), bequeathing his entire estate, including the Property, to a friend, Roy Ladouceur, whom the Decedent also named as executor of his estate ("the Executor"). The Decedent died on July 20, 2012. The 2006 Will was admitted to probate by the Sevier County Probate Court on September 20, 2012. Ms. Kysor filed with the Probate Court a will contest against the defendants, the Decedent's estate and the Executor (collectively, "the Estate"), on January 16, 2013. Ms. Kysor averred that her husband, prior to his death, prepared the quitclaim deed and the Decedent's will. She further averred that at the time

of the two documents' execution in March 2004, she learned that Wayne Kysor and the Decedent previously had entered an oral agreement that the Decedent would keep the Property in trust for Ms. Kysor to ensure the Property's protection from creditors. Ms. Kysor asserted that this agreement created a resulting trust, upon which she should be granted the Property on equity principles.

The Estate filed an answer and a motion for judgment on the pleadings on May 29, 2013, denying Ms. Kysor's allegations and asserting that the complaint was improperly pled as a will contest because Ms. Kysor actually had alleged breach of a will contract. Following a hearing conducted on July 25, 2013, the Probate Court entered an order on July 31, 2013, directing Ms. Kysor to file a responsive brief and setting the matter for further hearing. Ms. Kysor filed a brief in response to the Estate's motion on August 9, 2013. Following a hearing conducted on September 26, 2013, the Probate Court certified the matter to the Sevier County Circuit Court ("trial court") and instructed Ms. Kysor to file an amended complaint, which she did on November 21, 2013. Ms. Kysor added to her previous allegations that the Decedent "was incompetent at the time the [2006] Will . . . was signed by reasons of mental and physical disabilities resulting primarily from diabetes, congestive heart failure, pulmonary disease and dementia." The Estate responded by filing an answer, denying Ms. Kysor's allegations and, *inter alia*, asserting that the Decedent was competent at the time he executed the 2006 Will.

On May 1, 2014, the Estate filed a motion for summary judgment, attaching as exhibits, *inter alia*, certain medical records concerning Decedent and an affidavit completed by attorney J. Patrick Stapleton, who had drafted the 2006 Will. According to Mr. Stapleton, the Decedent met with him on or about May 1, 2006, to present instructions regarding the preparation of the will. Mr. Stapleton stated that he prepared the will according to the Decedent's instructions. He also opined that the Decedent was competent at the time to convey instructions regarding his estate and execute a will. Ms. Kysor subsequently filed a response to the Estate's motion. Attached as exhibits were many of the same medical records concerning Decedent as those attached to the Estate's motion, as well as photographs purporting to represent the condition of the mobile home in which Decedent resided in April 2006. The Estate subsequently filed a statement of undisputed facts to which Ms. Kysor responded.

Following a hearing conducted on September 22, 2014, the trial court granted summary judgment in favor of the Estate. The court found, *inter alia*, that Ms. Kysor had presented no proof that the Decedent was incompetent at the time the 2006 Will was executed and that even considering all facts as Ms. Kysor had presented them, those facts did not constitute a resulting trust as alleged by Ms. Kysor. The court further found that inasmuch as Ms. Kysor maintained that her deceased husband had entered into an

agreement to have her convey the Property to the Decedent in an effort to evade creditors, she had commenced this action with unclean hands. Ms. Kysor timely appealed.

## II. Issues Presented

Ms. Kysor presents three issues on appeal, which we have restated as follows:

1.      Whether the trial court erred by failing to include findings of fact and conclusions of law in its final judgment regarding its determinations of insufficient evidence to support a resulting trust and unclean hands.

2.      Whether the trial court erred by granting summary judgment in favor of the Estate and thereby dismissing Ms. Kysor's claim for a resulting trust.

3.      Whether the trial court erred by applying the doctrine of unclean hands.

In addition, the Estate has raised the following issue, which we have restated as follows:

4.      Whether this Court must presume that the trial court's findings are supported by the evidence due to Ms. Kysor's failure to provide a transcript or statement of the evidence representing the proceedings during the summary judgment hearing.

## III. Standard of Review

For actions initiated on or after July 1, 2011, such as the one at bar, the standard of review for summary judgment delineated in Tennessee Code Annotated § 20-16-101 (Supp. 2015) applies. *See Rye v. Women's Care Center of Memphis, MPLLC*, ___ S.W.3d ___, ___, 2015 WL 6457768 at *11 (Tenn. Oct. 26, 2015). The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> > (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.[1] The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye*, ___ S.W.3d at ___, 2015 WL 6457768 at *12; *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rye*, ___ S.W.3d at ___, 2015 WL 6457768 at *12 (quoting Tenn. R. Civ. P. 56.04). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

Concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56, our Supreme Court has explained in pertinent part:

> We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each

---

[1] We note that our Supreme Court recently addressed the summary judgment standard of review applicable to an action commenced prior to the enactment of Tennessee Code Annotated § 20-16-101. *See Rye*, ___ S.W.3d at ___, 2015 WL 6457768 at *11. The *Rye* majority determined the previous standard adopted in *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008), to be unworkable in that it "imposed on parties seeking summary judgment an almost insurmountable burden of production . . . ." *Rye*, ___ S.W.3d at ___, 2015 WL 6457768 at *19. The Court overruled *Hannan* and "return[ed] to a summary judgment standard consistent with Rule 56 of the Federal Rules of Civil Procedure." *Rye*, S.W.3d at ___, 2015 WL 6457768 at *1 ("We hold, therefore, that a moving party may satisfy its initial burden of production and shift the burden of production to the nonmoving party by demonstrating that the nonmoving party's evidence is insufficient as a matter of law at the summary judgment stage to establish the nonmoving party's claim or defense."). Inasmuch as *Rye* addressed the summary judgment standard "independent of and unrelated to legislative action," *id.* at ___ n.10, *21 n.10, its holding is not directly applicable to the case at bar to which Tennessee Code Annotated § 20-16-101 does apply. *See id.*

fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, ___ S.W.3d at ___, 2015 WL 6457768 at *22 (emphasis in original).

IV. Effect of Failure to Provide Transcript or Statement of the Evidence

We first address the Estate's threshold assertion that this Court must presume that the trial court's findings are supported by the evidence due to Ms. Kysor's failure to provide a transcript or statement of the evidence representing the summary judgment proceeding. *See, e.g., Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 48 (Tenn. Ct. App. 2013) ("'It is well settled that, in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the Trial Court to support its judgment and this Court must therefore affirm the judgment.'") (quoting *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007)). This conclusive presumption applies, however, to the trial court's factual findings concerning proof presented at trial and not to the trial court's conclusions regarding issues of law. *See In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). A trial

court's determination of whether to grant a motion for summary judgment is predicated upon its review of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," and whether those pleadings and documents in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Tenn. R. Civ. P. 56.04; *see also Rye*, ___ S.W.3d at ___, 2015 WL 6457768 at *12. We conclude that inasmuch as the grant or denial of a motion for summary judgment is a matter of law predicated upon the record, our standard of review on appeal in this matter remains *de novo* with no presumption of correctness. *See Rye*, ___ S.W.3d at ___, 2015 WL 6457768 at *12; *Dick Broad.,* 395 S.W.3d at 671.

## V. Sufficiency of Trial Court's Order Granting Summary Judgment

Ms. Kysor contends that the trial court erred by failing to include in its order granting summary judgment "findings of fact and conclusions of law" regarding the issues of a resulting trust and unclean hands. Relying on the requirements provided by Tennessee Rule of Civil Procedure 56.04, Ms. Kysor specifically argues that the final order contained the court's explanation of its findings only as to the issues of a will contract and the Decedent's competency. Upon our careful review, we disagree with Ms. Kysor on this issue.

We note at the outset that Tennessee Rule of Civil Procedure 56.04 requires that a trial court must "state the <u>legal grounds</u> upon which the court denies or grants the motion" for summary judgment. *See* Tenn. R. Civ. Pro. 56.04 (emphasis added). Rule 56.04 provides that the trial court must determine whether any genuine issue of material facts exist that would preclude the grant of summary judgment. *Id.* If such a genuine issue of material fact exists, the court is to deny the motion. *Id.* Contrary to Ms. Kysor's argument, Rule 56.04 does not therefore require that a trial court enter findings of fact in its order granting or denying summary judgment. *See id.*; Tenn. R. Civ. P. 52.01 ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 . . . .").

In its order granting summary judgment on behalf of the Estate, the trial court stated the following regarding the legal grounds upon which it based its ruling:

[T]he Court Finds and Orders as follows:

1. That in reaching a decision herein the Court considered all facts alleged in the Statement of Undisputed Facts, subject to the explanations and factual disputes noted by Plaintiff's response

7

thereto. Per the argument held in open court, the Court particularly opined that:

a. Plaintiff affirmatively stated that she was not relying on a "Will contract" as a theory of relief. Considering this, the Court finds that this cause of action is not met.

b. The affidavit from the lawyer who wrote the contested Will herein is uncontroverted; Plaintiff has offered no countervailing proof that Decedent was incompetent at the time the Will was executed.

c. Plaintiff has provided medical records that show Decedent was in failing health but do not show that he was incompetent.

d. Plaintiff has provided photographs of Decedent's residence that, considering the condition of the residence, are concerning about the atmosphere in which Decedent was living at the end of his life but do not demonstrate that he was incompetent to make a Will.

e. The proof does not demonstrate that the facts herein constitute a resulting trust as alleged by Plaintiff.

f. The proof does demonstrate that Plaintiff's actions herein as to deeding the property to Decedent were taken to remove the property from the reach of potential creditors. This does demonstrate that she is seeking relief herein, coming to the court with unclean hands.

2. That even taking the facts in a light most favorable to the non-movant herein, considering the facts that are undisputed, the Court must grant the motion for summary judgment on the competence issue.

3. That even taking the facts in a light most favorable to the non-movant herein, considering the facts that are undisputed, the Court must grant the motion for summary judgment on the "Will contract" issue.

4.     That this Court fails to find that a "resulting trust" could appropriately [be] found on the facts herein, particularly considering the finding on "unclean hands," therefore the Court must grant the motion for summary judgment on the allegation of a created "resulting trust."

5.     That Counsel for Defendant argued against the Court finding a "Will contract" herein; Counsel for Plaintiff affirmatively stated that Plaintiff does not allege a Will contract and thus does not seek relief under that theory.

6.     That in the pleadings and argument of counsel, these are the only three theories of relief plausible on the facts herein.

Ms. Kysor essentially argues that the trial court erred by adopting a final order prepared by the Estate's counsel, an order which Ms. Kysor maintains does not fully explain the court's reasoning. In support of her argument, Ms. Kysor relies on our Supreme Court's decision in *Smith*, which states in relevant part:

At the outset, we do not find that Tenn. R. Civ. P. 56.04 is in any way inconsistent with the custom of permitting trial courts to request and consider proposed orders prepared by the prevailing party. However . . . Tenn. R. Civ. P. 56.04 must be interpreted in a way that assures that a trial court's decision whether to grant or deny a motion for summary judgment is its own. *Delevan-Delta Corp. v. Roberts,* 611 S.W.2d [51,] 53 [(Tenn. 1981)].

Thus, for the reasons we have already discussed, we conclude that Tenn. R. Civ. P. 56.04 requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision before it invites or requests the prevailing party to draft a proposed order. Not only will this requirement assure that the decision is the trial court's, it will also (1) assure the parties that the trial court independently considered their arguments, (2) enable the reviewing courts to ascertain the basis for the trial court's decision, and (3) promote independent, logical decision-making. *See DiLeo v. Ernst & Young,* 901 F.2d 624, 626 (7th Cir. 1990); *State v. King,* 432 S.W.3d 316, 322 (Tenn. 2014).

*Smith*, 439 S.W.3d at 316-17.

Ms. Kysor has not provided this Court with a transcript or statement of the evidence from which we would be able to ascertain whether the trial court stated the grounds for its decision prior to inviting or requesting that the Estate's counsel draft the order granting summary judgment. We must therefore assume that the order approved and entered by the trial court accurately represents the court's reasoning. *See In re Conservatorship of Alexander v. JB Partners,* 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011) ("It is well settled . . . that a court speaks through its orders and not through the transcript."); *Reid v. Reid,* 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012) ("'The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts.'") (quoting *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043 at *1 (Tenn. Ct. App. Feb. 6, 2001)). Moreover, upon our thorough review of the trial court's order and the record as a whole, we determine that the court included in its order the legal grounds upon which it granted summary judgment, including its determinations that Ms. Kysor's evidence was insufficient to establish a resulting trust and that she was seeking relief with unclean hands. Ms. Kysor is not entitled to relief on this issue.

## VI. Resulting Trust

Ms. Kysor contends that the trial court erred by granting summary judgment in favor of the Estate upon the court's finding that she had failed to present evidence supporting the establishment of a resulting trust. The trial court determined that a resulting trust "could not appropriately [be] found on the facts" presented by Ms. Kysor. Upon our thorough review of the record, we agree with the trial court on this issue.

"'Resulting trusts are those which arise where the legal estate is disposed of, or acquired, without bad faith, and under such circumstances that Equity infers or assumes that the beneficial interest in said estate is not to go with the legal title.'" *In re Estate of Wardell ex rel. Wardell v. Dailey*, 674 S.W.2d 293, 295 (Tenn. Ct. App. 1983) (quoting Gibson's Suits in Chancery, § 382 (6th ed. 1982)). As our Supreme Court has explained:

> The imposition of a resulting trust is an equitable remedy; the doctrine of resulting trust is invoked to prevent unjust enrichment. Such a trust is implied by law from the acts and conduct of the parties and the facts and circumstances which at the time exist and surround the transaction out of which it arises. Broadly speaking, a resulting trust arises from the nature or circumstances of consideration involved in a transaction whereby one person becomes invested with a legal title but is obligated in equity to hold his legal title for the benefit of another, the intention of the former to hold in trust for the latter being implied or presumed as a matter of law, although

10

no intention to create or hold in trust has been manifested, expressly or by inference, and there ordinarily being no fraud or constructive fraud involved.

> While resulting trusts generally arise (1) on a failure of an express trust or the purpose of such a trust, or (2) on a conveyance to one person on a consideration from another—sometimes referred to as a "purchase-money resulting trust"—they may also be imposed in other circumstances, such that a court of equity, shaping its judgment in the most efficient form, will decree a resulting trust—on an inquiry into the consideration of a transaction—in order to prevent a failure of justice. However, the particular circumstances under which a resulting trust may arise varies from jurisdiction to jurisdiction.

*In re Estate of Nichols*, 856 S.W.2d 397, 401 (Tenn. 1993) (quoting 76 Am. Jur. 2d *Trusts* § 166, pp. 197–98 (1992)).

For example, this Court has determined that a trial court properly established a resulting trust when an elderly father placed all of his accounts in the joint names of himself and his adult son with the son's admitted understanding that upon the father's death, the funds would be utilized to care for his ailing mother, with any funds remaining upon the mother's death to be divided between the father's two children pursuant to the father's will. *See Estate of Wardell*, 674 S.W.2d at 295-97; *cf. Estate of Nichols*, 856 S.W.2d at 401-02 (holding that the facts did not support establishment of a resulting trust on behalf of the decedent's grandchildren as to certificates of deposit issued to the decedent and her son as joint tenants with right of survivorship when the grandchildren failed to present evidence to prevail over the right of survivorship agreed to upon the certificates' issuance). *See also Story v. Lanier*, 166 S.W.3d 167, 185 (Tenn. Ct. App. 2004) ("'[I]t is a general principle that the trust must arise at the time of the purchase, attach to the title at that time and not arise out of any subsequent contract or transaction.'") (quoting *Livesay v. Keaton,* 611 S.W.2d 581, 584 (Tenn. Ct. App. 1980)).

Ms. Kysor's claim for a resulting trust is based upon her assertion that prior to her husband's death in 2004, he entered into an agreement with the Decedent that the Decedent, once vested with ownership of the Property, would hold the Property in trust for Ms. Kysor. As the Estate notes, Ms. Kysor presented no written agreement to this effect between the Decedent and Wayne Kysor, nor did she claim to have witnessed the two men entering into such an agreement. She presented no witnesses to the alleged agreement. Ms. Kysor's only offer of proof that the agreement existed was the juxtaposition in time, two days apart, of her execution of the quitclaim deed conveying the Property to the Decedent and the Decedent's execution of the 2004 Will bequeathing

11

all of his property to her. Neither the quitclaim deed nor the 2004 Will references the other document in any way. In his subsequent 2006 Will, the Decedent did not mention Ms. Kysor and bequeathed the Property to the Executor. The Decedent explicitly stated in his 2006 Will that he "revoke[d] all former Wills and/or Codicils executed by [him]."

We conclude that even considering the facts in the light most favorable to Ms. Kysor, the proof she has presented in this case does not rise to the level required to impose a resulting trust. *See Estate of Wardell*, 674 S.W.2d at 295 ("'[W]hile an implied or resulting trust may be established by parol evidence, yet both upon reason and authority the courts will not enforce it, unless it be established by the most convincing and irrefragable evidence.'") (quoting *Savage v. Savage*, 4 Tenn. App. 277, 285 (Tenn. Ct. App. 1927)). The trial court did not err by granting summary judgment in favor of the Estate upon its determination that the Estate successfully demonstrated that Ms. Kysor's evidence is insufficient to establish a resulting trust.

## VII. Doctrine of Unclean Hands

Ms. Kysor also contends that the trial court erred by applying the doctrine of unclean hands to her claim of a resulting trust. The doctrine of unclean hands is based on the principle that "[h]e who seeks Equity must do Equity, and he who has done inequity shall not have Equity." *See Segelke v. Segelke,* 584 S.W.2d 211, 214 (Tenn. Ct. App. 1978) (quoting Gibson's Suits in Chancery, § 970 (5th ed. 1956)). The trial court found that because, according to Ms. Kysor's pleadings, she had conveyed the Property to the Decedent in an effort to remove it from the reach of potential creditors, she sought relief with unclean hands. Ms. Kysor asserts that her deceased husband sought to remove the Property from the threat of potential, rather than existing, creditors and that because she was not a party to the alleged agreement between her husband and the Decedent, she did not approach the court with unclean hands. Having previously determined that Ms. Kysor failed to present evidence of facts that could constitute the establishment of a resulting trust, we further determine the issue of whether she sought such relief with unclean hands to be pretermitted as moot.

## VIII. Conclusion

For the reasons stated above, we affirm the order of the trial court granting summary judgment in favor of the appellees, the Estate of Donald Emerson Kysor and Roy Ladouceur, Executor. The costs on appeal are assessed against the appellant, Rita

Kysor. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____

THOMAS R. FRIERSON, II, JUDGE